Rabih HADDAD, Plaintiff—Appellee (02–2189)/Appellant (03–1253),

v.

John ASHCROFT, Attorney General; Michael J. Creepy, Chief Immigration Judge; Roy Bailey, Interim Field Office Director; Elizabeth Hacker, United States Immigration Judge, Defendants—Appellees (03–1253)/Appellants (02–2189).

Nos. 02–2189, 03–1253.

United States Court of Appeals, Sixth Circuit.

Sept. 23, 2003.

Joshua A. Levy, Jonathan S. Martel, Arnold & Porter, Washington, DC, for Plaintiff-Appellant.

Robert M. Loeb, Sharon Swingle, U.S. Department of Justice Civil Division, Appellate Section, Washington, DC, for Defendant-Appellee.

Before MERRITT, MOORE, and GILMAN, Circuit Judges.

## ORDER

These appeals are from orders in a district court action that challenged the manner in which removal proceedings were being conducted in an immigration matter. In No. 02–2189, the defendants appeal an order directing that either a public hearing be conducted with respect to the plaintiff's detention or that he be released. In No. 03–1253, the plaintiff appeals a district

court order that upheld the closure of a portion of the detention hearing. After these appeals were brought, the administrative proceedings were completed, and a final order of removal was entered. The plaintiff's direct petition for review of that order was dismissed as untimely. *Haddad v. Ashcroft,* Sixth Cir. No. 03–3852 (July 11, 2003) (order). Subsequently the plaintiff was deported from the United States. The government now moves to remand to the district court with instructions to vacate and dismiss the complaint as moot. There has been no response.

Because a final order of removal has been entered and effectuated, the conditions of the plaintiff's pre-removal detention are no longer at issue. *See Al Najjar v. Ashcroft,* 273 F.3d 1330 (11th Cir.2001) (appeal from denial of release on bond became moot on affirmance of final order of removal); *see also Wang v. Ashcroft,* 320 F.3d 130 (2d Cir.2003) (same); *De La Teja v. U.S.,* 321 F.3d 1357 (11th Cir.2003) (claim of unlawful pre-removal detention was mooted by entry of a final order of deportation and was not capable of repetition). *Cf. Murphy v. Hunt,* 455 U.S. 478, 481–82, 102 S.Ct. 1181, 71 L.Ed.2d 353 (a constitutional claim to pretrial bail became moot following his criminal convictions). These appeals are moot. When a matter becomes moot on appeal, the proper course is to vacate the district court's decision and remand with instructions to dismiss the complaint. *United States v. Munsingwear,* 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36 (1950); *see also De La Teja,* 321 F.3d at 1364.

Therefore, these appeals are REMANDED to the district court with instructions to vacate the orders of September 17 and October 7, 2002, and to dismiss the underlying complaint.